UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GEORGE FLAGG                                CIVIL ACTION

VERSUS                                              NO: 13–258

MARLIN GUSMAN, ET AL                                SECTION: "H"(1)

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Doc. 37). For the following reasons, the Motion is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff, a prisoner in state custody, filed the instant matter, *pro se*, seeking damages pursuant to 42 U.S.C. § 1983. Defendants are Marlin Gusman, the Orleans Parish Sheriff, and Dr. Gore,[1] allegedly the chief physician at the Orleans Parish Prison. At the time suit was filed, Plaintiff was incarcerated in

---

[1] Dr. Gore's first name has not been provided.

the Orleans Parish Prison. Plaintiff's Complaint, which is far from cogent, alleges that he was denied appropriate pain medication despite multiple requests. In addition to monetary damages, he seeks an order of the Court compelling the Orleans Parish Prison to give him proper medical attention and pain medication. After the expiration of discovery deadlines, Defendants filed the instant Motion.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the

---

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

At the outset, the Court notes that federal courts possess a "traditional disposition of leniency toward *pro se* litigants."[10] This Court, on more than one occasion, granted Plaintiff additional time to file necessary pleadings. When Plaintiff missed the deadline to oppose this Motion, the Court granted an extension *sua sponte*. Despite these efforts, Plaintiff failed to file an opposition to the Motion. This does not, however, mean that the Court may grant the

---

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[10] *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

Motion as unopposed. Rather, the Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[11] Accordingly, the Court has carefully considered this Motion.

Plaintiff's complaint, when read liberally, appears to assert only one claim: that Defendants denied him appropriate medical care. The complaint is silent, however, as to whether Defendants are sued in their individual or official capacities. Accordingly, given this Court's duty to construe the complaint liberally, the Court will assume that Plaintiff sues Defendants in both capacities.[12]

**I. The Official Capacity Claim**

Claims brought against a section 1983 defendant in his official capacity are treated as claims against the governmental entity at issue.[13] In this case, the Court construes the official capacity claim as a claim against Orleans Parish. Generally, a municipality may be held liable under section 1983 only when its official policies or customs precipitated the alleged constitutional violation.[14] In order to prevail on an official capacity claim against a municipality, Plaintiff must prove that "(1) an official policy (2) promulgated by the municipal

---

[11] *See, e.g.*, *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) ("[The] failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint."); *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); *John v. State of La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985).

[12] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (noting that *pro se* complaints must be liberally construed).

[13] *Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000).

[14] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).

policymaker (3) was the moving force behind the violation of a constitutional right."[15] Establishing the violation of a constitutional right is therefore a necessary prerequisite to establishing municipal liability.

Plaintiff alleges that he was denied medication prescribed by his doctor. His requested relief, in addition to monetary damages, is to be given proper medical care. This Court believes that his claim can only be characterized as an Eighth Amendment claim for the denial of appropriate medical care.[16] In order to prevail on a claim for inadequate medical care, a prisoner must demonstrate that "prison officials were deliberately indifferent to his serious medical needs."[17] "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."[18] Accordingly, Plaintiff bears the burden to prove, as a threshold matter, that he was denied medical treatment and that the denial of that treatment resulted in the unnecessary and wanton infliction of pain. Plaintiff cannot meet this burden.

In support of the instant Motion, Defendants have attached what appears to be a complete copy of Plaintiff's medical records. These records clearly demonstrate that Plaintiff was not denied medical treatment. To be sure, it is clear from the records that Plaintiff required medical treatment while incarcerated. Approximately one year prior to his arrest, Plaintiff suffered a

---

[15] *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).

[16] *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291–92 (5th Cir. 1997).

[17] *Norton*, 122 F.3d at 291.

[18] *Id.*

severe crush injury that occurred when a very large slab of granite fell onto his chest. Plaintiff's medical records indicate that he continued to receive medical treatment for his injuries up until the date of his arrest. A few weeks prior to his arrest, a physician wrote Plaintiff a prescription for narcotic pain medication. Plaintiff's complaint is that prison officials failed to administer the narcotic to him while he was incarcerated.

Medical records from the Parish Prison reveal that Plaintiff was offered pain medication on multiple occasions. He was also prescribed a muscle relaxer, non-narcotic pain medication, and was given injectable pain medication on at least one occasion. The record also reveals that Plaintiff refused non-narcotic pain medication several times. Given that Plaintiff was offered pain medication multiple times, it appears that his only claim is that prison officials failed to offer him his *preferred* medication. Such a claim will not ordinarily give rise to a cause of action under section 1983.[19] Based on the facts before it, the Court finds that Plaintiff has failed to carry his burden that prison officials were deliberately indifferent to his medical needs.

Assuming, *arguendo*, that Plaintiff has articulated a cognizable constitutional violation, Plaintiff has filed to establish any institutional policy upon which this violation was premised. Accordingly, Plaintiff cannot establish

---

[19] *See Houston v. Zeller*, 91 F. App'x 956, 957 (5th Cir. 2004) ("[The plaintiff] has established that he disagreed with the prison physician's choice of medications for him . . . such disagreements cannot support a claim of cruel and unusual punishment.") (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

a section 1983 official-capacity claim.

**II. The Individual Capacity Claim**

The Court has already held that Plaintiff cannot demonstrate, as he must, the deprivation of a constitutional right. Given Plaintiff's failure to satisfy the most basic requirement of any section 1983 claim, the Court can dismiss Plaintiff's individual capacity claims without further discussion.

Assuming *arguendo* that Plaintiff could show that he suffered the deprivation of a constitutional right, the Court pauses to note a separate and independent reason why Plaintiff's individual-capacity claims must fail. It is axiomatic that "personal involvement is an essential element of a civil rights cause of action" brought against a person in their individual capacity.[20] Plaintiff's complaint, however, is devoid of even an allegation that the named Defendants played any role whatsoever in his medical care. Moreover, the medical records reveal no indication that either Sheriff Gusman or Dr. Gore made any decision regarding Plaintiff. Additionally, Defendants cannot be held liable for the acts of their subordinates under a *respondeat superior* theory unless they were personally involved in Plaintiff's alleged injury.[21] Accordingly, Plaintiff's individual-capacity claims are dismissed with prejudice.

**CONCLUSION**

---

[20] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

[21] *Johnson v. Moore*, 958 F.2d 92, 93 (5th Cir. 1992).

For the foregoing reasons, and because the Court cannot ascertain any legal theory that would permit Plaintiff to recover for the alleged wrongs in this case, Defendants' Motion is GRANTED, and this case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 15th day of September, 2013.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**